## Furey, et al. v. Catherine Gallagher, et al.

## Furey, et al. v. Catherine Gallagher and Michael Gallagher.

(Decided April 19, 1918.)

### Appeals from McCracken Circuit Court.

1. Deeds—Action to Correct—Fraud.—Evidence examined and held insufficient to support appellants' contention that the deed for the house and lot in controversy was, through the fraud of appellee, made to her instead of to her husband under whom appellants claim.

2. Limitation of Actions—Action to Correct Deed—Infants.—While the statute of limitation does not run against an infant, it does begin to run as soon as he attains his majority, and since this action was not instituted to correct the deed and have relief against fraud for more than ten years after the youngest child became twenty-one years of age, the statute of limitation interposed by appellee was properly sustained.

3. Executors and Administrators—Settlement.—In a case where by the provisions of a will the life tenant, who is also executrix without bond, is entitled to the absolute use and control of all the

property of the estate during her natural life, upon proper application a court will require the executrix to settle her accounts, and this though she be not required to pay over any part thereof or 'account to the remaindermen.

W. A. BERRY for appellants.

WHEELER & HUGHES for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming appeal No. 31; and affirming in part and reversing in part appeal No. 32.

These two actions are considered together at the suggestion of counsel on both sides.

Both actions were instituted on the 3rd day of June, 1915, by R. J. Furey and his two sisters, Mrs. John Ward and Mary Furey, against their mother, Catherine Gallagher and her husband, Michael Gallagher. Mrs. Gallagher was twice married, her first husband being Charles Furey, father of these plaintiffs. One of these actions seeks to correct a deed which it is alleged was, through the fraud of the defendant Catherine Furey now Gallagher, executed to her instead of to her first husband, Charles Furey, who it is charged paid the purchase price, and further to declare Mrs. Gallagher a trustee holding the property, a house and lot, for the use and benefit of herself and the three plaintiffs. In the other suit the same plaintiffs charge that their father, Charles Furey, before his death in 1886, executed a will disposing of certain personal and real estate which will they desire the court to construe as vesting in their mother a life estate only in the property devised, with remainder in the three plaintiffs; and plaintiffs also ask that their mother be required to make settlement of her account, as executrix, of the estate of Charles Furey. Charles Furey left Ireland in 1880, coming to America and establishing himself in Paducah, Kentucky, and shortly thereafter he began operating a saloon in that town. He owned or at least possessed in Ireland, according to the laws of that country, a small farm on which he left his wife and three small children. In 1884 Mrs. Furey came to America to look for her husband and located him at Paducah. In a few months thereafter she sent for their children and they all took up their residence in Paducah. In the meantime Furey had acquired a house and lot on Trimble

street in that city. On May 5, 1886, Mrs. Cooke and others conveyed to Catherine Furey a house and lot at the corner of Market and Clark streets and known as lot No. 73, in block 12, in the old town of Paducah. The consideration was eighteen hundred dollars, of which six hundred dollars was cash in hand paid, the balance to be paid in one and two years from the date of the deed, in equal instalments, for which deferred payments Mrs. Furey and her husband executed their notes and the purchaser retained a lien upon the lot for the balance of the purchase price. In September following Charles Furey died. Two days before his death he made a will whereby he disposed of all his property and which paper reads as follows: "I bequeath to my beloved wife, Catherine Furey, all my property of which I am possessed, real, personal and mixed, one house and lot is situated on Trimble street in Paducah, McCracken county, Kentucky, and recorded in deed book No. 31, page 173, and one farm and implements situated in townland of Discback, county of Donegal, Ireland, and in case the property should depreciate in value my wife has the privilege of selling same to the best interest of all concerned. In case of my wife's death the property is to go to my children."

After his death his wife, Catherine, continued to operate the saloon until she, eight months later, married Michael H. Gallagher, her present husband. She paid off the deferred payments due upon the house and lot deeded to her. She likewise paid off and discharged about fourteen hundred dollars of indebtedness contracted by her first husband, Charles Furey. Some months after Charles Furey's death Catherine returned to Ireland to dispose of the farm and implements left behind, and found that the landlord had subjected it all to his claim for rents, and she at a public sale acquired the property and again sold it at the price of three hundred seventy dollars or three hundred eighty dollars, a part only of which she has been able to collect. She has occupied the house on Trimble street in Paducah as her home ever since 1886, and was so residing at the time of the institution of these actions. Her three children contend that the house and lot deeded to her in 1886 by Mrs. Cooke and others was paid for by her husband, their father, and that Catherine, through fraud, caused the deed to be made to her when it should have been made to her husband, Charles, and that Catherine therefore is

trustee, holding the property for the use and benefit of herself and her children, the three plaintiffs. This Catherine denies, asserting that she originally purchased the property and that her husband had nothing to do with her acquiring it, and that she has paid the entire purchase price. She also relies upon the ten year statute of limitation as a bar to the right of plaintiffs to maintain this action. To sustain their contentions the plaintiffs attempt to prove that their mother, the defendant, has all along from time to time since the death of their father acknowledged to them and to others that she was not the owner of the property but that it belonged to her and the plaintiffs jointly, and that on one occasion when she was about to sell the property, approached the plaintiffs and asked them to sign the deed with her, saying that she could not convey it without their joining in the deed; that on many other occasions she assured them that they were the owners of the property. Plaintiffs also insist that the statute of limitation can not avail defendant because her assurances and acknowledgment of plaintiffs' ownership prevented plaintiffs from sooner instituting these actions.

At the time of the death of their father, Charles Furey, the plaintiffs were infants of tender years, but at the time of the institution of these actions the youngest one was about thirty-five years of age, and the others were some years older. The statute of limitation did not begin to run against the infants until they attained their majority but then began to run. Under section 2519, Kentucky Statutes, one may commence an action to have relief from fraud or mistake at any time within ten years from its discovery or from the time when, by the exercise of reasonable diligence, the circumstances considered, it could have been discovered, but not afterwards.

Where the person entitled to institute an action is under disability at the time of the accrual of the cause of action he may institute it within the statutory period after he attains his majority as though the right of action first accrued to him upon his arrival at the age of twenty-one years. If the court were convinced from the evidence that Catherine Furey by fraud procured the deed to be made to her instead of to her husband, as charged by the plaintiffs, it would now be too late for plaintiffs to institute this action. But we are of opinion that the property was deeded to Catherine as purchaser

or at the direction of her husband, and in either case the property belongs to her and the title was intended to be and was vested in her. This being true, plaintiffs never had an equity in the property and were at no time entitled to have the deed reformed, or a trust declared. It follows, therefore, the assurances of Catherine, if any were made, did not prevent appellants from asserting a right which, in law or equity, they were entitled to have recognized. The equitable estoppel attempted to be interposed by plaintiffs is for the reason above set forth unavailing. The lower court properly so held and dismissed plaintiffs' action.

In the other suit of the children against their mother a settlement of the accounts of Mrs. Gallagher as executrix of the estate of Charles Furey is sought to be had, and especially of the money received by her from the farm and implements in Ireland. For a full understanding of this branch of the action it is necessary to consider the terms of the will of Charles Furey. It is very brief and direct. It reads: "I give and bequeath to my beloved wife, Catherine Furey, all my property of which I am possessed, real, personal and mixed," and then mentions specially the house and lot on Trimble street, and the farm and implements in Ireland, concluding the sentence with, "and in case the property depreciate in value my wife has the privilege to sell same to the best interest of all concerned." The circuit court construed this writing to vest a life estate in Catherine, the mother, with remainder over to her children, the plaintiffs, reserving to Catherine the right to sell and dispose of the property in case it depreciated in value. This was as liberal to the plaintiffs as the language of the instrument would warrant, if indeed not too liberal. The next sentence in the will is as follows: "In case of my wife's death the property is to go to my children." This plainly indicates that plaintiffs' remainder interest, whatever it may be, is not to vest or become effective until the death of Catherine. The trial court's judgment with respect to the Trimble street property is acquiesced in by the plaintiffs, but they prosecute this appeal from that part of the judgment which does not require Catherine as executrix of the will, to settle her accounts, the largest item being the Ireland property. The evidence conclusively shows that Charles Furey did not own the little farm in Ireland in fee, but only under some system in vogue in

Ireland by which he was responsible to a landlord for rents. When Catherine returned to Ireland she claims she found that the landlord had caused the property of Charles to be sold to satisfy rents or taxes and she bought it at a sale in her own right, and after doing this she again sold it for about three hundred seventy dollars or three hundred eighty dollars. However this may be, she should settle her accounts as executrix and the trial court erred in failing to so adjudge. It may be that she has paid debts amounting to more than the whole estate which came to her hands, but if this be true, her settlement as executrix will develop the fact.

The judgment in appeal No. 31 is affirmed, and that part of the judgment in appeal No. 32, which construes the will of Charles Furey, is affirmed, but that part of the judgment which holds that the executrix is not required to settle her accounts is reversed with directions to require the executrix to settle her accounts.